USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/2/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTORIA BATCHELOR, DIANA GRIFFIN, and JAIME ARIZA, on behalf of themselves and all others similarly situated,

                *Plaintiffs*,

v.

MACMILLAN, MACMILLAN PUBLISHERS INC., MACMILLAN PUBLISHING GROUP, LLC., MACMILLAN LEARNING, and MPS

                *Defendants.*

No. 1:23-cv-01217-AT

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiffs, Victoria Batchelor, Diana Griffin, and Jamie Ariza, on behalf of themselves and all others similarly situated and Defendants, Macmillan, Macmillan Publishers Inc., Macmillan Publishing Group, LLC., Macmillan Learning, and MPS (collectively, "Parties"), agree that the proceedings in the above-referenced matter may involve the discovery and disclosure of confidential, non-public, sensitive, and/or proprietary business, employment, tax, financial, and personally identifiable information, protected health information, documents and other materials;

WHEREAS, the Parties agree that such "Confidential" or "Highly Confidential" information should only be disclosed pursuant to the terms of this Stipulated Protective Order ("Order"); and

WHEREAS, the Parties agree that the confidential nature of certain information, particularly personally identifiable information and protected health information, establishes "good cause" for the issuance of this Stipulated Protective Order.

THEREFORE, the Parties seek entry of an Order, pursuant to Federal Rule of Civil Procedure 26(c), governing the disclosure of documents and information therein designated as "Confidential" or "Highly Confidential" on the terms set forth herein, as well as an Order, pursuant

to Federal Rule of Evidence 502, governing the return of privileged information, documents, and data and affording the Parties the protection of Federal Rule of Evidence 502(d) on the terms set forth herein.

Accordingly, it is ORDERED:

    1.    The below terms, as used herein, shall be defined as follows:

        a.    "Action" shall refer to *Batchelor, et al. v. Macmillan, et al.*, Case No. 1:23-cv-01217-AT.

        b.    "Confidential Information" shall mean information that a Designating Party identifies as "Confidential." Only information meeting the following criteria may be designated as "Confidential" (unless the parties expressly agree otherwise): Information (regardless of how generated, stored, or maintained) that the Designating Party in good faith believes: (i) contains sensitive personal identifying information, protected health information, trade secrets, or other confidential research, development, commercial or financial information, the disclosure of which may have the effect of causing harm to any Party, or person from whom the information was obtained, or to the Parties' or third-parties' legitimate privacy interests; or (ii) contains information over which the Designating Party has a duty or obligation to maintain confidentiality.

        c.    "Designating Party" shall mean the Party or Non-Party that designates information produced in this Action as "Confidential" or "Highly Confidential."

        d.    "Expert" shall mean any individual with specialized knowledge or expertise who is retained by a Party or its Counsel to serve as an expert witness or as a consultant in the Action.

        e.    "Highly Confidential Information" shall mean information that a Designating Party identifies as "Highly Confidential." Only information meeting the following

criteria may be designated as "Highly Confidential" (unless the parties expressly agree otherwise): Information (regardless of how generated, stored, or maintained) that the Designating Party in good faith believes: (i) concerns or relates to the highly sensitive personal, confidential, financial, commercial, proprietary, cybersecurity, competitively sensitive, or trade secret information of any Party or any third party; or (ii) contains "PII" or "PHI;" or (iii) contains information over which the Designating Party has a duty or obligation to maintain a high level of confidentiality, including for compliance with applicable data privacy laws or regulations.

      f.    "Personal identifying information" or "PII" includes every data element protected by state or federal law including, but not limited to, name, payment card numbers, financial account numbers, Social Security numbers, addresses, phone numbers, email addresses, driver's license numbers or other state identification numbers, Employer Identification numbers, Tax Identification numbers, passport numbers, or a foreign government equivalent of any of these numbers or identifiers.

      g.    "Privileged Material" means material protected by the attorney-client privilege or the attorney work product doctrine, as defined by Federal Rule of Evidence 502, or otherwise privileged or protected under applicable law.

      h.    "Protected Health Information" or "PHI" shall have the same definition as the definition of "Protected Health Information" under 45 C.F.R. § 160.103.

      i.    "Producing Party" shall mean a Party or Non-Party that produces information in the Action.

      j.    "Protected Material" shall refer to any information designated as "Confidential" or "Highly Confidential" pursuant to this Order.

k.      "Receiving Party" shall mean a Party that receives information from a Producing Party in the Action.

l.      "Vendors" shall refer to individuals or entities engaged for the purpose of providing litigation support services (e.g., ESI vendors; photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; investigators and consultants; court reporters), as well as their employees, independent contractors, and subcontractors.

2.      The protections conferred by this Order cover not only Protected Material but also any information copied or extracted therefrom, and all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in Court or in other settings that might reveal Protected Material.

3.      Except as otherwise provided in this Order, all information, documents, and data to be designated as Protected Material must be clearly designated as such prior to any disclosure of same. Designations shall be made in the following manner:

a.      Protected Material in documents produced as images shall be marked with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page that contains Protected Material. If only a portion of the material on the page qualifies for designation as Protected Material, that portion shall be clearly designated as Protected Material and the level of protection asserted for each such portion must be specified. Documents produced in native formats will have Confidentiality Designations indicated in the production file name as specified in the Stipulated Protocol on the Discovery of Electronically Stored Information. Should the Parties need to identify which portions of a native document qualify as Protected Material, they will meet and confer to resolve the issue.

b. Protected Material disclosed in testimony (in depositions, pre-trial proceedings, or trial proceedings) shall be designated as Protected Material either during the testimony or by written notice to Counsel within twenty-one (21) days of receiving the transcript of the proceedings (or in such other time period as the Parties shall mutually agree is appropriate). Notice after the testimony must specifically designate the portion(s) of the testimony that are to be designated as Protected Material and the level of protection asserted for each such portion must be specified. All transcripts of any testimony in this Action shall be designated as "HIGHLY CONFIDENTIAL" until twenty-one (21) days have passed following the receipt of the transcript, or the Parties agree to a different designation.

c. Protected Material disclosed in any form other than a document or testimony must be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate, in a prominent manner and in a manner that specifies only those portions of the information or data disclosed that are subject to the designated protection level.

d. If a Designating Party fails to designate information, documents, or data disclosed as Protected Material at the time of disclosure, that Designating Party shall make all reasonable efforts to timely designate the Protected Material and to identify the specific portion of the information, documents, or data disclosed to be designated as Protected Material and the level of protection to be accorded same. Upon notification, the Receiving Party shall make reasonable efforts to assure that any additional material designated as Protected Material is treated in accordance with the provisions of this Order from that point forward.

4. If the Receiving Party wants to challenge either the designation of information, documents, or data as Protected Material or the designation of the Protected Material as "HIGHLY CONFIDENTIAL," it must first notify the Designating Party in writing of both the specific

Protected Material challenged and the reason for the challenge. The Parties shall make reasonable efforts to resolve the dispute over the designation of the information, documents, or data as Protected Material. If the dispute cannot be resolved between the Parties, the Designating Party must promptly notify the Receiving Party in writing that it has not changed its position on the Protected Material. The Receiving Party may then seek relief from this Court, though the burden of proving confidentiality of designated information remains with the party asserting such confidentiality (i.e., the Designating Party). While any dispute over classification is ongoing, the information, document, or data at issue shall be treated in accordance with the protection level identified by the Designating Party.

5. The Receiving Party shall keep all Protected Material secure except as permitted below and shall take reasonable efforts to place such documents in a secure area and limit access to the Protected Material to the extent reasonably necessary for this Action.

6. The Receiving Party may only use Protected Material for the purpose of prosecuting, defending, or attempting to resolve the Action and the Protected Material may only be disclosed in the manner and to the categories of recipients identified below. Until the Action is concluded, all Protected Material must be maintained and stored consistent with its designation.

    a. Protected Material that is designated as "CONFIDENTIAL" may be disclosed to:

        i. the Receiving Party's counsel and their staff who are assisting counsel in connection with the Action. All such staff shall be subject to the provisions of this Order.

ii. The Receiving Party's Expert(s), and staff of the Expert who are assisting the Expert in connection with the Action. All such staff shall be subject to the provisions of this Order.

iii. The Receiving Party's insurer and its staff who have responsibility for the insurer's obligations in connection with the Action. All such staff shall be subject to the provisions of this Order.

iv. The Court and its personnel.

v. A mediator jointly retained by the parties and the mediator's personnel.

vi. Vendors.

vii. Parties and Parties' staff, including management personnel, to whom disclosure is reasonably necessary to assist the Party in this Action. All such staff shall be subject to the Provisions of this Order.

viii. The author of any document or the source of any information or data designated as Protected Material.

ix. Witnesses providing testimony in either a deposition, hearing, trial, or other proceeding where the Receiving Party deems it reasonably necessary for the witness to review the Protected Material in preparation and/or to provide testimony regarding the Protected Material. Any witness who is not otherwise subject to the terms of this Order shall be required to sign the Declaration attached as Exhibit A hereto.

ix. Such other persons as the Parties mutually agree may be shown the Protected Material. All such persons shall be required to sign the Declaration attached as Exhibit A hereto.

b. All disclosures of Protected Material marked "HIGHLY CONFIDENTIAL" are to be limited and the Receiving Party is to only make such disclosures in the manner and to the degree it deems necessary for this Action, which in no event shall include disclosure of such materials beyond the scope of permissible disclosure of materials designated "CONFIDENTIAL." Furthermore, materials designated "HIGHLY CONFIDENTIAL" are not to be disclosed to Parties and Parties' staff, with the exception of in-house counsel involved in directing this litigation.

7. If a Party is served with a subpoena or a court order issued in other litigation or proceedings before any administrative or legislative body that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that Party must:

a. promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

b. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

c. cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the appropriate court, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and

expense of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

8. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or entity not authorized to receive the Protected Material under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or entity to whom the Protected Material was disclosed that the disclosure was not authorized and demand immediate return and/or destruction of any tangible Protected Material that was disclosed, and (d) require the person or entity to whom the Protected Material was disclosed to sign the Declaration attached as Exhibit A hereto.

9. If any Protected Material (or any pleading, motion, or memorandum disclosing them) is proposed to be filed or is filed with the Court, the filing party shall follow this Court's procedures to file documents under seal.

10. Any privileged information, confidential information, or protected information of third parties, that is contained within information, documents, or data being disclosed in this Action shall be redacted to the extent practicable, subject to the provisions concerning redactions in the Stipulated Protocol on the Discovery of Electronically Stored Information.

11. With regard to the disclosure of Privileged Material:

a. If the Receiving Party believes that the disclosed information, document, or data is or should reasonably be deemed to be Privileged Material, the Receiving Party shall refrain from reading the Privileged Material to any degree greater than is necessary to ascertain that it is privileged or otherwise protected under Federal Rule of Evidence 502. The Receiving Party should

immediately notify the Producing Party in writing that the Producing Party has disclosed information, documents, or data that the Receiving Party believes to be privileged or protected and specifically identify the Privileged Material by Bates number range or hash value. Within five (5) business days of confirmation by the Producing Party that it is asserting privilege or protection as to such materials, the Receiving Party shall, as appropriate, return, sequester, or securely destroy all copies of such Privileged Material, along with any notes, abstracts, or compilations of the content thereof. If the Privileged Material has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall take reasonable steps to sequester and limit access to the Privileged Material.

  b. If the Producing Party determines, after production, that it has produced information, documents or data that are privileged or protected under Federal Rule of Evidence 502 or other applicable law, the Producing Party may notify the Receiving Party in writing of the discovery with the identification of the Privileged Material by Bates number range or hash value and a detailed statement as to the reason for the assertion that the information, document, or data is Privileged Material. The Receiving Party shall have ten business days following the receipt of notice to either return, sequester, or securely destroy all copies of such Privileged Material, along with any notes, abstracts, or compilations of the content thereof and may promptly present the information to the Court under seal for a determination of the claim.

  c. If the Receiving Party challenges the designation of the disclosed information, document, or data as Privileged Material, the procedures set forth in Paragraph 4 for challenging a designation of Protected Material shall also be followed.

12. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the Producing Party to address

and remedy the breach. Nothing herein shall preclude the Producing Party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the Receiving Party's failure to appropriately protect PII from unauthorized disclosure.

13. This Order provides the parties with all protections afforded by Federal Rule of Evidence 502(d). A party does not waive either attorney-client privilege, work product protection or other privileges by disclosing a document in this litigation. This nonwaiver provision applies to this litigation and all other state and federal proceedings. This provision applies equally to ESI and hard-copy documents. The parties agree to meet-and-confer in the event the Producing Party seeks to withhold information from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Order. Any materials withheld on this basis shall not be produced until after the meet and confer process or judicial review if the parties are unable to reach agreement. Furthermore, nothing contained within this paragraph is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness, confidentiality and/or segregation of privileged and/or protected information before production.

14. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

15. Within sixty (60) days of the termination of this Action (including the expiration of time for any appellate challenge thereto), the Receiving Party must either return all Protected Material to the Producing Party or securely destroy all Protected Material. The Receiving Party must certify in writing that the Protected Material was returned or securely destroyed and that no copies, nor any abstracts, compilations, summaries, or other forms of retaining the Protected Material are in the Receiving Party's possession. Notwithstanding this provision, counsel for the

Receiving Party is not expected to access and extract any Protected Material from their disaster recovery systems and counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, deposition and trial exhibits, attorney work, and consultant and expert work product, even if such materials contain Protected Material, provided that all PII and PHI needs to be securely destroyed in the next routine destruction cycle after Termination of the Action. Any such archival copies that contain or constitute Protected Material remain subject to this Order and all of the protections set forth herein. Receiving Party will comply with all laws that apply to its use, disclosure, storage and processing of the personal information provided to it by the other party hereunder, and shall at all times protect the personal information with reasonable and appropriate administrative, technical and physical security controls.

16. The Court retains the right to allow, *sua sponte* or upon motion, disclosure of any subject covered by this Stipulated Order or to modify this Stipulated Order at any time in the interest of justice.

17. No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

18. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

So Ordered.

Dated: May 2, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge

WE SO MOVE
and agree to abide by the
terms of this Order

*/s/Raina C. Borrelli*
Raina C. Borrelli
**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703
Tel: (608) 237-1775
Email: raina@turkestrauss.com
*Attorneys for Plaintiffs*

*/s/Paulyne Gardner*
Paulyne Gardner
**MULLEN COUGHLIN**
426 W. Lancaster Avenue, Suite 200
Devon, PA 19333
Tel: 267-930-2098
Email: pgardner@mullen.law

*/s/James F. Monagle*
James F. Monagle
**MULLEN COUGHLIN**
309 Fellowship Rd., Suite 200
Mt. Laurel, NJ 08045
Tel: 267-930-1529
Email:  jmonagle@mullen.law
***Attorneys for Defendants***